**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 09-171 (EGS) |
| | : | |
| DEANDRE KELLY | : | **UNDER SEAL** |

**DEFENDANT'S OPPOSITION TO**
**GOVERNMENT'S MOTION TO UNSEAL CASE (DOC 16)**

  Defendant Deandre Kelly, by undersigned counsel, respectfully opposes the motion of the United States to unseal the above-entitled criminal case (Doc. 16). As recounted in the government's motion, Mr. Kelly entered pleas of guilty pursuant to negotiated plea agreements that conditioned potential sentencing concessions upon the provision of substantial assistance to the authorities in the investigation and apprehension of other persons. Among the recognized and legitimate purposes of sealing cases under these circumstances is to protect the confidentiality of ongoing investigations and their participants and to protect those defendants cooperating with the authorities and their families.

  Although the cooperation agreement at issue here has not been executed as anticipated, and there are no ongoing investigations involving the defendant, the government's unilateral decision to declare the agreement in breach does not necessarily extinguish the safety interests in revealing a defendant's explicit agreement to help investigate and implicate others in criminal wrongdoing. The fact of a person's agreement to cooperate is sufficient to generate in the community of wrongdoers suspicion and ill-will regardless of whether such cooperation was "successful" or even pursued. That threatened community will not likely accept or believe a simple declaration that no cooperation was had.

  Even though the fact of Mr. Kelly's fugitivity and unrelated criminal allegations are now public, the friends and family aware of his earlier federal arrest and sealed pleas are not the persons likely to

confront him with danger for his role as a potential cooperating witness. Mr. Kelly was not a part of anyone's case that was prosecuted as a result of the same course of conduct he pleaded guilty to. Publicly identifying him as a potential criminal informant would unnecessarily endanger his safety and perhaps that of his innocent family while serving no compelling public interest at this time. Until Mr. Kelly is safely captured we can be more certain that any violence that may befall him before he is captured is not the result of the government's motion having been granted. Once the case is concluded is the appropriate time, under these circumstances, to reveal the nature of the agreements if still appropriate. No one can foresee the future; circumstances can be imagined where Mr. Kelly's knowledge may still be of interest to the government.

This court and others recognize the compelling government interest in protecting the secrecy of cooperating witness agreements, especially involving defendants on release. Nothing about Mr. Kelly's abscondence has signaled his status as a potential cooperator and nothing about his charges in these cases has been made public. It would be imprudent to label him as such now. Such protection was found to be unnecessary for the "secret" informant in *Washington Post v. Robinson*, 935 F.2d 282, 290 U.S.App.D.C. 116 (1991), where a criminal information had been publicly filed and the U.S. Attorney for the District of Columbia convened a press conference to announce the witness' cooperation and the details of his arrest had already been publicly reported. None of those circumstances are present in this case. The sealing order invoked here is not overly broad in that revealing the case details even without disclosing the plea agreement itself, given the pre-FSA penalties in place, would signal to an informed observer what was afoot behind the public record.

WHEREFORE, Defendant Deandre Kelly respectfully submits that the grave and compelling reasons for sealing the plea agreement and case details initially are largely intact and that, until he is safely in custody, no further public interest is served by revealing his case details and the government's motion should be denied.

        Respectfully submitted,


        ___/s/__*Cary Clennon*_____
        Cary Clennon, Esq.  #366816
        Counsel for Mr. Kelly
        Appointed by the Court

        P.O. Box 29302
        Washington, D.C.  20017
        (202) 269-0969


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing opposition has been mailed electronically to counsel for the United States, B. Patrick Costello, Jr., this twenty-seventh day of April, 2011, and distributed by ECF subsequent to filing under seal.


        _____/s/__*Cary Clennon*_____
        Cary Clennon