UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 09-171 (EGS) |
| | : | |
| DEANDRE KELLY, | : | |
| | : | UNDER SEAL |
| Defendant. | : | |
| | : | |

**REPLY
TO DEFENDANT'S OPPOSITION TO MOTION TO UNSEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the defendant's opposition to the government's motion to unseal criminal case numbers 09-168 (EGS) and 09-171 (EGS) (hereinafter "Motion"). In support of its April 15, 2011, motion, which is incorporated herein, the government states the following:

Deandre Kelly was arrested on May 2, 2011, and is in transit to the District of Columbia for presentment before this Honorable Court. At that forthcoming presentment hearing, the government will ask the Court to schedule a sentencing date as soon as possible so that upon sentencing Kelly may then be extradited to Maryland for further court proceedings.

The defendant, through his attorney, opposes the government's request to unseal because, he claims, "[p]ublicly identifying him as a potential criminal informant would unnecessarily endanger his safety and perhaps that of his innocent family while serving no compelling public interest at this time." Opposition at 2. These concerns are without factual support and are utterly speculative.

As the government previously indicated in its Motion, prior to the defendant absconding in 2009 he had done essentially nothing as far as cooperation goes.  Indeed, in hindsight it appears that the defendant simply lied to this Court when he promised to abide by his release conditions and cooperate with the government.  His lie was the precursor to getting what he really wanted: a release back into the community so that he could remove himself from court obligations, abscond, and continue to live a life of crime.

After the defendant's violent armed escape from the Garrett County Detention Center on January 23, 2011, the armed escape was widely publicized in both print and television media in the Washington D.C. and Maryland state-wide media markets.  Many of those accounts mentioned that the defendant was pending federal drug charges.  See, e.g., Mary Pat Flaherty, *Md. Jail escapee with area ties sought*, WASH. POST, Jan. 24, 2011, http://voices.washingtonpost.com/crime-scene/maryland/jail-escapee-with-dc-silver-sp.html ("Kelly has a prior history of failing to appear in both federal and D.C. Superior Court in Washington on drug charges, court records show.  He had been the object of a public appeal in November from the U.S. Marshals Service seeking help locating him after skipping out on a federal court hearing for allegedly distributing crack cocaine.").

Kelly's eventual arrest on May 2, 2011, generated similar coverage.  See, e.g., *Escaped Md. Inmate Arrested In Va.*, Fox-5 TV internet site, May 3, 2011, http://www.myfoxdc.com/dpp/news/local/escaped-md-inmate-arrested-in-va-050311 ("An escape[e] from a jail in Maryland has been captured . . . .  Maryland state police arrested Kelly on drug, weapon and traffic charges on Jan. 22 after a traffic stop.  He was also wanted by federal authorities in connection with drug charges in Washington, D.C.").

Thus, no matter what defendant Kelly may have told his friends and family about his charges, the news coverage generated by his intentional violent escape indicates to anyone who understands the court system that if a defendant has an active case but it does not appear on PACER then it must be under seal.

Regardless of the above valid argument why these two cases should be unsealed, there are important prosecutorial and court interests at stake related to this matter.  Defendant Kelly will almost certainly face numerous serious federal charges in Maryland as a result of his conduct there.  As previously mentioned, he was arrested on January 23, 2011, after a car chase.  Once Kelly crashed the vehicle, law enforcement officers discovered a handgun and a quantity of narcotics in that same vehicle.  He then managed to secrete a second handgun into the local detention center, and it was that second firearm that he used to force the guards to let him escape.  Thus, Kelly — who is a convicted felon — is facing much more than just an escape charge, for he will likely be indicted on federal narcotics and firearms offenses as well.

This Court will no doubt recall that in Criminal Number 09-168 (EGS), defendant Kelly pled guilty to conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP).  As part of that same plea agreement the defendant also acknowledged that pursuant to USSG §2D1.1(b)(1), he possessed the handgun and ammunition recovered in the execution of the search warrant at 3719 2nd Street, Southeast, apartment 202, Washington, D.C. on February 6, 2009.  Further, in Criminal Number 09-171 (EGS), the defendant pled guilty to unlawful possession with intent to distribute 5 grams or more of cocaine base, arising out of an arrest in the District of Maryland that occurred on July 30, 2008.  [That case was transferred to this district pursuant to Rule 20.]

In order for the federal prosecutors in the District of Maryland to meet their burden at any future trial of Kelly and to allow the assigned federal judge in Maryland to make fully informed evidentiary and sentencing decisions that include consideration of the defendant's entire criminal history, a need exists to unseal cases 09-168 and 09-171 for the purpose of accurately presenting the defendant's criminal culpability.  Further, at any future trial in the District of Maryland, the government will likely seek to introduce the existence and underlying facts of the offenses in case 09-168 and 09-171 pursuant to evidence that would be admissible under, *inter alia*, Federal Rules of Evidence 404(b) and 609.  Thus, such evidence of prior narcotics activity and firearms possession will be relevant in any court proceedings in the District of Maryland.  However, in order for the prosecutors in Maryland to appropriately use this evidence, and for the federal judge in Maryland to evaluate the evidence, the instant cases must be unsealed.[1]

[Cont.]

---

[1] This Court granted a similar motion to unseal in the case of defendant Kelly's co-defendant, Terrence Moore.  In that case the government sought to unseal Moore's federal PCP conspiracy case (09-061) so that the government could meet its burden at trial in Superior Court Case Number 2009-CF3-12268 and to allow the Honorable Craig Iscoe to make fully informed evidentiary and sentencing decisions that include consideration of the defendant's entire criminal history and culpability.  See Crim. Case No. 09-061 (EGS) docket entries 26 and 27.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government requests that its motion be granted.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney
        Bar No. 447-889


By: _____
        B. PATRICK COSTELLO, JR.
        Assistant U.S. Attorney
        Violent Crime and Narcotics Trafficking Section
        D.C. Bar 483231
        555 4th Street, N.W., Room 4112
        Washington, D.C. 20530
        202-252-7697
        B.Patrick.Costello@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by e-mail [clennonlegal@hotmail.com] upon counsel for the defendant, Cary Clennon, Esquire, on this 6th day of May, 2011.

_____
B. PATRICK COSTELLO, JR.
ASSISTANT UNITED STATES ATTORNEY