UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-171 (EGS) |
| v. | : | |
| DEANDRE KELLY, | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing.

**Sentencing Recommendations**

The government recommends that the Court sentence the defendant to a term of 324 months' incarceration, for each count, concurrently, and impose a term of five years' supervised release. Such a sentence, we submit, would be consistent with the sentencing goals set forth in 18 U.S.C. § 3553, in that it would serve to reflect the nature and seriousness of the offenses, take into account the defendant's history and characteristics as well as his subsequent conduct, serve as a deterrent to the defendant and others, and protect the community.

**Factual and Procedural Background**

On July 15, 2009, the defendant entered a plea of guilty in two separate cases before the Honorable Deborah A. Robinson.[1] In Criminal Number 09-168 (EGS), the defendant entered a plea of guilty to Count One of a two-count Criminal Information, and that count charged the defendant with Conspiracy to Distribute and Possess with Intent to Distribute 1 kilogram or more of a mixture

---

[1] Your Honor accepted the defendant's plea of guilty in each case on September 14, 2009.

1

or substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iv). In Criminal Number 09-171 (EGS), the defendant entered a plea of guilty to Count One of the Information in that case, which charged the defendant with Unlawful Possession with Intent to Distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

The relevant facts underlying the charges in these cases are set forth in detail in the Statements of Facts submitted to the Court at the time of the plea hearing, and in the Presentence Report. In brief, in Criminal Number 09-168, on February 6, 2009, during the execution of a search warrant at the defendant's residence in Washington, D.C., officers recovered 177.5 ounces (4,970 grams) of Phencyclidine (PCP). They also recovered a fully-loaded Taurus .357 magnum revolver and a box of 44 rounds of American Eagle .357 ammunition. The defendant admitted to possessing the narcotics, to possessing the seized firearm and ammunition, and to conspiring with others to distribute PCP. Defendant was indicted and was arrested pursuant to a warrant on June 2, 2009.

In Criminal Number 09-171, on July 30, 2008, within Maryland, officers seized 26.19 grams of cocaine base from the defendant's vehicle. [This case was transferred to this district pursuant to Fed. R. Crim. P. 20]. In brief, after stepping the defendant and another man out of the defendant's vehicle after viewing an alcoholic beverage in the center console of the vehicle, officers observed trace amounts of marijuana on the driver's side floor. Officers conducted a search of the vehicle and recovered a plastic bag containing five individual baggies of a substance, later confirmed to be 26.19 grams of cocaine base, also known as crack. Recovered from the defendant's person and wallet was $1,195 in U.S. currency. Recovered from within the glove compartment was $540. The defendant was arrested.

On July 15, 2009, the defendant entered into a cooperation plea agreement, wherein he agreed to "cooperate fully, truthfully, completely and forthrightly with [the U.S. Attorney's Office] and other Federal, state and local law enforcement authorities . . . in any and all matters as to which the Government deems the cooperation relevant." On July 15, 2009, the defendant was released pending sentencing "solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities." As part of his cooperation, the defendant was required to check in daily with Detective Kevin Copeland and to cooperate with law enforcement, to participate in drug testing, and to maintain employment. Despite his agreement, the defendant utterly failed to cooperate. The defendant tested positive for marijuana on July 30, 2009, August 20, 2009, and August 27, 2009. By September 3, 2009, the defendant had become a complete loss of contact with the Pretrial Services Agency ("PSA"). He filed to report for drug testing on September 3, 2009, and failed to appear for two in-person check ins with PSA. With respect to his cooperation with law enforcement, with the exception of an initial ride along immediately after the plea hearing, in which he provided no useful information to Detective Copeland, the defendant cut off all contact with Detective Copeland. The defendant completely failed to provide law enforcement with any tips, failed to engage in any controlled buys, and failed to do anything else that would resemble "substantial assistance." At a status hearing on September 15, 2009, in which the defendant failed to appear, the Court learned that the defendant had absconded, that he had been a loss of contact with Pretrial Services Agency (PSA), and that he had failed to comply with his conditions of release and cooperation. At the conclusion of the status hearing on September 15, 2009, the Court issued a bench warrant for the defendant's arrest. On October 9, 2009, the defendant failed to appear for a

status hearing before the Honorable Wendell P. Gardner, Jr. in D.C. Superior Court case number 2007-CMD-15334, and so Judge Gardner also issued a bench warrant for the defendant's arrest.

The defendant remained a fugitive until January 22, 2011, when he was arrested in Garrett County, Maryland, after leading police on a high-speed car chase. On that day at approximately 5:00 p.m., the defendant and two other individuals were stopped by a Maryland State Police Trooper for speeding. As the driver and back seat passenger exited the vehicle, the defendant, who had been in the front passenger seat, jumped into the driver's seat and took off at a high rate of speed. Troopers pursued the defendant, during which time he lost control of the vehicle several times, striking a guardrail and a bridge pillar, before ultimately becoming disabled in a snow embankment. The defendant was arrested and provided a false name to the police; however, his fingerprints provided his true identity. A search of the vehicle revealed a pound of marijuana on the front passenger side floor, where the defendant had initially been seated, and a .40 caliber Taurus PT24-7 firearm loaded with fifteen rounds in the magazine located under the rear portion of the driver's seat. Approximately, 47 grams of suspected crack cocaine and a small amount of marijuana were recovered from the defendant's pants. On January 23, 2011, the defendant was transported to the Garrett County Detention Center pending removal to the District of Columbia. That evening, the defendant brandished a firearm, assaulted the officers working in the detention center, and escaped. The defendant's associates were waiting in the parking lot of the Garrett County Detention Center in a get-away vehicle and assisted the defendant making good his escape. The defendant remained at large until May 13, 2011, when he was arrested by U.S. Marshals in Lynchburg, Virginia. These offenses are the subject of investigation by AUSA Andrea Smith, from the U.S. Attorney's Office for the District of Maryland, who has informed this prosecutor that after the defendant is sentenced

in this case, the Maryland U.S. Attorney's Office will probably seek a federal indictment for the offenses committed in Maryland in January 2011.

In accordance with the plea agreement, the government advised the Departure Committee of the nature and extent of the defendant's cooperation and his additional criminal conduct committed after his plea agreement. Not surprisingly, the Departure Committee voted that the defendant was not entitled to a substantial assistance departure under Section 5k1.1 of the United States Advisory Guidelines (U.S.S.G., Guidelines), or 18 U.S.C. §3553(e).

**Guideline Calculations**

The government agrees with the sentencing guidelines set forth in the Presentence Report and urges the Court to adopt the findings as appropriate base offense level and criminal history: Guidelines Range 324-405. The defendant faces a statutory minimum of 10 years' incarceration for Possession with Intent to Distribute 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iv).

The government additionally agrees with the Presentence Report, which calls for the two-point adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and we ask the Court to adopt accept that adjustment. The defendant's post-plea conduct clearly warrants this adjustment. After being released from jail in July 2009, he absconded, to remain a fugitive until January 2011. When the defendant was finally stopped by the police in January 2011, he led them on a high-speed chase, only stopping after his vehicle crashed. The defendant continued this evasive and obstructive conduct, by providing a false name to the police. Then, the same evening he was placed in prison, he brandished a firearm against prison officials and escaped. He remained a fugitive until his arrest

in May 2011. Among other actions, the U.S.S.G. § 3C1.1, Application Notes 4(E) specifically notes that "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding," is conduct worthy of this two-point adjustment. Clearly, the defendant's conduct warrants this adjustment.

### Argument in Support of the Sentencing Recommendation

The nature and seriousness of the defendants' offenses are apparent. First, in July 2008, the defendant was arrested with over 26 grams of cocaine base. He did not learn from this arrest, however, and he was arrested merely seven months later, after being found with 4,970 grams of PCP, a fully loaded revolver, and additional ammunition. The defendant obtained and possessed these highly addictive and dangerous drugs, with the intent to introduce them into the community. The Court need look only to the individuals who have appeared before it to appreciate the devastation that both PCP and crack cocaine cause to users of these drugs. PCP in particular is an extremely dangerous drug, in part because of the unpredictable behavior of someone who has smoked PCP. In addition, the manner in which these drugs are distributed in the District of Columbia only increases their dangerousness. These drugs are often distributed in street sales and open air markets, and are cash-based businesses that often require the use of firearms to protect the products and profits. Indeed, in this case the defendant possessed a loaded .357 magnum revolver.

These offenses were not the defendant's first foray into the criminal justice system and the possession and trafficking of narcotics. In 2007, the defendant was convicted of Distribution of a Controlled Substance (marijuana), and he has two prior convictions for possession of a controlled substance (marijuana and cocaine). In addition to these narcotics convictions, the defendant has a

1999 conviction for Conspiracy to Commit Robbery, a crime of violence, during which he possessed an air pellet gun and ammunition.

Even more disturbing that the defendant's past criminal history is his post-plea conduct in this case and his continuing criminality. Every move the defendant has made has been aimed at keeping him out of jail. The defendant pled guilty in a cooperation plea agreement, in which he received multiple benefits, namely: (1) the dismissal in its entirety of the pending indictment in 09-cr-125; (2) the dismissal of Count Two in 09-168 (Possession With Intent to Distribute 5 Grams or More of Cocaine Base); (3) the agreement not to indict him under 18 U.S.C. Section 922(g), for possession of a firearm and ammunition after having been convicted of a crime punishable by more than a year; and (4) the agreement not to indict him under 18 U.S.C. Section 924(c) for Possession of a Firearm During a Crime of Violence or Drug Trafficking Crime. After accepting this plea offer, the defendant was released with the promise to work with law enforcement; however, the defendant's promise to do so was clearly made in an attempt only to secure his release from jail. He had no sincere intent to cooperate with law enforcement or to give up criminal conduct. Less than two months after accepting this plea, the defendant absconded, remaining a fugitive until January 2011, more than a year later. When the defendant was confronted by the police in Garrett County, MD, the defendant intended to elude capture by jumping into the driver's seat and leading the police on a high-speed car chase through Maryland, during which he lost control of the vehicle, crashed numerous times, and endangered the lives of those on the road and in the community. Upon his arrest, Maryland law enforcement found the defendant in possession of a pound of marijuana and 47 grams of crack cocaine. He was also in the vehicle with the loaded weapon. While incarcerated, the defendant then brandished a firearm against prison officials and escaped from the Garrett County

7

Detention Center.  The defendant has demonstrated that he is a danger to the community and that he has no intention of ceasing criminal conduct.  He is repeatedly engaging in narcotics trafficking and weapons possession.  The defendant has demonstrated that his intention to plead guilty and cooperate was insincere and made only in an effort to secure his release from jail in 2009.

      A sentence within the Sentencing Guidelines at the low end, 324 months' incarceration, is the appropriate sentence in this case.  The defendant is a danger to the community and will continue to be a danger in the future.  A sentence within the Sentencing Guidelines would adequately reflect the nature and seriousness of the offenses, take into account the defendant's history and characteristics as well as his subsequent conduct, and serve as a deterrent to the defendant and others.  Most importantly, it will remove him from the community for a significant period of time so that the rest of the community will not have to fear from his violent criminal behavior.  Accordingly, we respectfully request the Court to impose a sentence of 324 months' incarceration and a period of five years' supervised release.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

    /S/
KATHLEEN A. CONNOLLY
Assistant United States Attorney
D.C. Bar No. 989085
U.S. Attorney's Office - D.C.
555 4th Street, NW, Room 4231
Washington, DC 20530
(202) 252-6890
Kathleen.Connolly@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 4th day of June, 2013, a copy of the foregoing was served on counsel of record for the defendant, via electronic mail.

/S/
KATHLEEN A. CONNOLLY
Assistant United States Attorney